UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN HENRY FREEMAN, III, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-01003-SRC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Memorandum and Order**

John Henry Freeman, III seeks relief under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence imposed by this Court due to his violation of 18 U.S.C. § 922(g)(1). Docs. 1, 3. After an initial review of Freeman's claims, the Court ordered him to explain why the Court should not dismiss his section-2255 motion as time-barred. Doc. 4. Freeman responded by filing a motion to suspend the briefing in this case, doc. 5, which having reviewed the motion, the Court denies it. Further, after reviewing Freeman's section-2255 claims, the Court dismisses his section-2255 motion as time-barred.

**I.      Background**

Freeman pleaded guilty to one count of felon in possession of a firearm in violation of section 922(g)(1) on June 21, 2022. *United States v. Freeman, III*, No. 4:21-cr-00349-SRC-1, docs. 27–28. On September 20, 2022, the Court sentenced Freeman to 36 months' imprisonment and three years' supervised release. *Id.*, doc. 39. He did not appeal. Doc. 3 at ¶ 8. On July 9, 2024, Freeman filed his section-2255 motion. *See* doc. 1-1; *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) ("Under the prison mailbox rule, a [section-2255 motion] is deemed

timely filed when an inmate deposits [it] in the prison mail system prior to the expiration of the filing deadline.").

On July 24, 2024, the Court directed the Clerk of Court to send Freeman the Court-provided form for filing section-2255 motions since he "handwr[ote] his [initial] motion on loose-leaf paper[.]" Doc. 2 at 1;[1] *see* doc. 1.  In turn, on August 14, 2024, Freeman timely filed an amended section-2255 motion on the Court-provided form.  Doc. 3; *see Moore*, 173 F.3d at 1135.  And so the Court performed an initial review of Freeman's amended motion, which indicated that he did not timely assert his section-2255 claims within the one-year statute of limitations imposed by 28 U.S.C. § 2255(f).  *See* doc. 4 at 2–3.  On that basis, the Court ordered Freeman to show cause why the Court should not dismiss his section-2255 motion as time-barred.  *Id.* at 5.  In response, he filed a "Motion to Suspend 2255 Briefing."  Doc. 5 at 1.

## II.   Discussion

### A.   Motion to suspend briefing

In response to the Court's show-cause order, doc. 4, Freeman requested that the Court "suspend the 2255 briefing . . . pending the Supreme Court['s] resolution of *United States v. Prince*, No. 23-3155," doc. 5 at 1.  Because "[t]he question of § 922(g)(1)'s constitutionality is pending in . . . *Prince*," according to Freeman, "[w]hatever the Supreme Court says in *Prince*[,] will affect arguments in this case."  *Id.* at ¶ 6.

However, based on the Court's research, the Supreme Court has not, as of the date of this memorandum and order, granted review of the *Prince* decision.  *See* Supreme Court of the United States, Orders of the Court - Term Year 2024, https://www.supremecourt.gov/orders/ordersofthecourt/24 (last visited March 3, 2025)

---

[1] The Court cites to page numbers as assigned by CM/ECF.

2

(compiling orders that, among other things, grant and deny the Supreme Court's review of cases). Instead, the United States Court of Appeals for the Seventh Circuit heard argument in the *Prince* case on December 11, 2024. *See United States v. Prince*, No. 23-3155 (7th Cir. argued Dec. 11, 2024). This Court falls within the Eighth Circuit, *see* 28 U.S.C. § 41; therefore, any decision from the Seventh Circuit in *Prince* would not be binding on this Court. *See, e.g.*, *Perry v. Adams*, 993 F.3d 584, 588 (8th Cir. 2021) (citations and quotations omitted) (noting that "an out-of-circuit case" is only "persuasive authority"). Moreover, as analyzed below, the Eighth Circuit has already upheld the constitutionality of the felon-in-possession statute, explaining that "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024).

Therefore, the Court declines to suspend briefing until the Seventh Circuit renders a decision in *Prince* and, consequently, denies Freeman's motion to suspend briefing.

**B.     Section-2255 motion**

Freeman's amended section-2255 motion is the operative pleading in this action, but the Court does not use the August 14, 2024 filing date in its section-2255(f) analysis. Instead, the Court uses July 9, 2024—the filing date of Freeman's initial section-2255 motion—as the appropriate date to determine whether Freeman filed a timely motion. *See* Fed. R. Civ. P. 15(c)(1); *Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015) (quoting Fed. R. Civ. P. 15(c)(1)(B)) ("An amendment to a pleading relates back to the original pleading when 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'").

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a district court "must dismiss the petition and direct the clerk to notify the

3

petitioner" if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"  Also, a district court is permitted to consider, on its own initiative, whether a habeas action is barred by the statute of limitations.  *Day v. McDonough*, 547 U.S. 198, 209 (2006).  Upon review, the Court applies a one-year statute of limitations to section-2255 motions.  *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019) (per curiam).  28 U.S.C. § 2255(f) states that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

If a criminal defendant does not appeal a judgment of conviction, it becomes "final" for purposes of calculating the time limit for filing a section-2255 motion when the time for filing a direct appeal expires.  *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005).  Likewise, in a criminal case, a defendant must file a notice of appeal in the district court within fourteen days.  *See* Fed. R. App. P. 4(b)(1)(A).

4

Here, Freeman did not timely file his section-2255 motion pursuant to section 2255(f). The Court sentenced Freeman on September 20, 2022, *Freeman, III*, No. 4:21-cr-00349-SRC-1, doc. 39, which initiated his fourteen-day clock to file an appeal, Fed. R. App. P. 4(b)(1)(A)(i)—a step Freeman admitted he forewent, *see* doc. 3 at ¶ 8. Thus, his judgment became final on October 4, 2022, at which point the statute of limitations began to run. *See* 28 U.S.C. § 2255(f)(1). From that date, Freeman had until October 4, 2023 to file a timely section-2255 motion. *See id.* However, he did not file his initial motion until July 9, 2024—more than nine months late. *See* doc. 1-1; *Moore*, 173 F.3d at 1135. On this score, Freeman himself admits "mistake" and "cannot dispute that his motion was untimely." Doc. 5 at ¶ 3.

Although Freeman's one-year period from when his conviction became final under section 2255(f)(1) has long expired, he argued that he is "entitled to equitable tolling of the one-year statute of limitations" in light of the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Doc. 1 at 11. To support his claim, Freeman asserted that the *Bruen* decision "was not known to [him] until June 3, 2024[.]" *Id.* But as the Court explained in its show-cause order, his argument fails for two reasons. *See* doc. 4 at 3–5.

First, the Supreme Court issued *Bruen* on June 23, 2022. 597 U.S. at 1. But *Bruen* did not impact Freeman's October 4, 2023 deadline to file a timely section-2255 motion, because section 2255(f) "run[s] from the latest of" several enumerated events. 28 U.S.C. § 2255(f). Even assuming that, under section 2255(f)(3), the *Bruen* decision both recognized a new right and made it retroactively applicable to cases on collateral review, Freeman's corresponding deadline to file a section-2255 motion—*i.e.*, June 23, 2023—did not eclipse his later-in-time October 4, 2023 deadline under section 2255(f)(1). Moreover, the Eighth Circuit recently upheld the constitutionality of section 922(g)(1). *Jackson*, 110 F.4th at 1125. That court made clear that

5

neither *Bruen* nor *Rahimi* "cast doubt on the prohibitions" in section 922(g)(1).  *Id.*  Therefore, not only is Freeman's section-2255 motion time-barred under subsection (f)(1) for his failure to file his motion by October 4, 2023, but the Eighth Circuit also determined that the *Bruen* decision does not provide section-2255 petitioners, like Freeman, a basis for relief under subsection (f)(3).  *See id.*

  And second, nowhere in Freeman's amended motion does he explain "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (rejecting equitable tolling argument where petitioner "fail[ed] to demonstrate how his five months of special confinement prevented him from meeting the one-year statute of limitations.").  Nor has he demonstrated how "such extraordinary circumstances [were] not . . . attributable to [himself]."  *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009) (citing *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005)).  Freeman's assertion that the *Bruen* decision "was not known to [him] until June 3, 2024," doc. 1 at 11, fails to wedge inside the "'exceedingly narrow window of relief'" of the equitable-tolling doctrine, *Odie v. United States*, 42 F.4th 940, 946 (8th Cir. 2022) (quoting *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013)) (casting aside petitioner's equitable tolling arguments, in part, because "knowledge of a judicial decision" that came down after the statute of limitations ran, which "concern[ed] the statute underlying his § 851 predicate offense," was "not necessary for [petitioner] to file a direct appeal regarding the [statute].").  Therefore, the Court finds Freeman's argument under the equitable-tolling doctrine unpersuasive.

6

**III.     Certificate of appealability**

For the Court to issue a certificate of appealability, Freeman must make a substantial showing that he suffered the denial of a constitutional right.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  A substantial showing means one indicating that reasonable jurists could debate the issues, a court could resolve the issues differently, or the issues deserve further proceedings.  *Id.*  But as shown in the discussion above, Freeman has not made such a showing.  Accordingly, the Court declines to issue a certificate of appealability in this case.

**IV.     Conclusion**

The Court finds that the record conclusively establishes that Freeman is not entitled to relief.  Accordingly, the Court denies his [1] [3] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  Further, the Court does not issue a certificate of appealability.  A separate order of dismissal accompanies this memorandum and order.

So ordered this 3rd day of March 2025.

*SL R. Cl*
_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE